UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:24-CR-01-KKC

UNITED STATES OF AMERICA                                                                 PLAINTIFF

V.        **MEMORANDUM ADDRESSING
          UNRESOLVED GUIDELINE OBJECTIONS**

WAYNE TACKETT                                                                             DEFENDANT

* * * * *

Pursuant to the directives of the Court's Sentencing Order, the United States submits to the Court this Memorandum addressing the Defendant's unresolved objections to the Presentence Investigation Report ("PSR") that affect the guideline calculations. As discussed in more detail below, it is the position of the United States that the PSR correctly calculated Wayne Tackett's offense level and Tackett's objections to the contrary should be overruled.[1]

Tackett objects to the PSR including a two-level enhancement under U.S.S.G. § 2K2.1(b)(5)(B)(i). That provision states that, "[i]f the defendant…transported, transferred, sold, or otherwise disposed of, or purchased or received with intent to transport, transfer, sell, or otherwise dispose of, a firearm or any ammunition knowing or having reason to believe that such conduct would result in the receipt of the firearm or

---

[1] Based on the nature of the Defendant's objections, which appear legal in nature, the United States does not anticipate that an evidentiary hearing will be needed to resolve these objections.

ammunition by an individual who (I) was a prohibited person; or (II) intended to use or dispose of the firearm or ammunition unlawfully…increase by two levels." U.S.S.G. § 2K2.1(b)(5)(B)(i). In the plea agreement, Tackett agreed that the United States could prove beyond a reasonable doubt the following facts, among others:

> As to the controlled transaction on June 23, 2023, the Defendant sold to the confidential informant, among other things, five firearms. The transaction occurred at the Watergap Flea Market in Floyd County, Kentucky. The confidential informant was prohibited from purchasing or possessing firearms due to having a felony conviction. During the June 23, 2023 controlled purchase, the confidential informant told the Defendant that he was a convicted felon, but the Defendant continued to sell firearms to the informant.

[R. 29 at Page 4, Paragraph 3(f)]. These facts clearly support the enhancement. Not only that, the plea agreement contains the following express agreement concerning the guideline calculation: "[p]ursuant to U.S.S.G. § 2K2.1(b)(5)(B)(i), increase the offense level by 2 levels because the defendant sold a firearm knowing or having reason to believe that the such conduct would result in the receipt of the firearm by an individual who was prohibited." [R. 29 at Page 4, Paragraph 5(d)]. By virtue of this agreement, Tackett must recommend, and cannot object to, the application of this enhancement. For this reason and because the facts support the two-level enhancement, the Court should overrule Tackett's objection to the two-level enhancement under U.S.S.G. § 2K2.1(b)(5)(B)(i).[2]

---

[2] Perhaps it is the case that, rather than an objection to that technical application of U.S.S.G. § 2K2.1(b)(5)(B)(i) in calculating the guidelines, Tackett is merely arguing this application (which he is bound by agreement to support) overstates things and the Court should consider that as a mitigator when weighing the sentencing factors under 18 U.S.C.

2

In his second objection, Tackett argues that he should receive a two-level reduction "since he has no criminal history." This appears to be a request for a reduction under U.S.S.G. § 4C1.1(a), which contains a two-level adjustment for "Certain Zero Point Offenders." While it is true that one of the considerations for that reduction is "the defendant did not receive any criminal history points," that is not the only consideration. U.S.S.G. § 4C1.1(a)(1). The enhancement applies only if, "the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense." U.S.S.G. § 4C1.1(a)(7). Since Tackett clearly possessed and transferred firearms in the course of this offense, he does not qualify for the two-level reduction under U.S.S.G. § 4C1.1(a). As a result, Tackett's second objection should be overruled as well.

        Respectfully submitted,

        CARLTON S. SHIER, IV
        UNITED STATES ATTORNEY

By:   s/ *Andrew H. Trimble*      .
       Assistant United States Attorney
       601 Meyers Baker Rd., Suite 200
       London, KY 40741
       (606) 330-4838
       Andrew.Trimble@usdoj.gov

---

§ 3553(a). While the United States does not necessarily agree with that argument, it is (unlike his first objection) one that Tackett remains free to make.

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2025, the foregoing was electronically filed through the CM/ECF system, which will send notice of the filing to all counsel of record.

s/ *Andrew H. Trimble*
Assistant United States Attorney
